# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ALLAN BOYD, *et al.*, | |
|                          Plaintiffs, | Case No. 2:11-cv-00292-RCJ-GWF |
| vs. | **ORDER** |
| DISTRICT ATTORNEYS and PUBLIC DEFENDERS, | Application to Proceed *In Forma Pauperis* (#1) |
|                          Defendants. | |

This matter is before the Court on Plaintiffs' Application to Proceed *In Forma Pauperis* (#1), filed February 23, 2011.

Pursuant to 28 U.S.C. § 1914(a), a filing fee of $350.00 is required to commence a civil action in federal district court. The Court may waive the filing fee where a prisoner-plaintiff complies with the strict application to proceed *in forma pauperis* filing requirements imposed by the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915; *Page v. Torrey*, 201 F.3d 1136, 1139 (9th Cir. 2000). These include the requirements that prisoner-plaintiff seeking to proceed *in forma pauperis* 1) submits a certified copy of his prisoner trust fund account statement for the previous six months, 2) pays the full amount of the filing fee and 3) that a prisoner seeking to file an action regarding prison conditions first exhaust available administrative remedies, *see* 28 U.S.C. § 1915(a)-(b); *Page*, 201 F.3d at 1139.

The present application to proceed *in forma pauperis* is signed by two named plaintiffs, Allan Boyd and Nikci Boyd, who state that they are incarcerated at the Clark County Detention Center. Upon review and consideration, the Court finds that Plaintiffs' application to proceed *in forma pauperis* does not meet the specific requirements of 28 U.S.C. § 1915. Two people are not

permitted to submit one application to proceed *in forma pauperis* because leave to proceed *in forma pauperis* is granted on an individual basis.

The application contains additional failings as well. The financial disclosure fails to state the basis of their take home pay or wages, the amount of money that they have received from each source of income and what they expect to receive in the future. (*See* #1). In addition, Plaintiffs state that they are incarcerated at Clark County Detention Center, but they have failed to submit a certified copy of their prisoner trust fund account statement for the previous six months as required by 28 U.S.C. § 1915(a)(2). Without this information, the application is incomplete and the Court is unable to grant Plaintiff leave to proceed *in forma pauperis*.

The Court will grant Plaintiffs leave to reapply to proceed *in forma pauperis* by submitting new and separate applications, which shall include the specific information requested on the form and a certified prisoner trust fund statement as required by 28 U.S.C. § 1915(a)(2). Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Application to Proceed *In Forma Pauperis* (#1) is **denied** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiffs shall have until **thirty (30) days** from the date of this order to either pay the appropriate filing fee of $350.00, or submit completed applications, affidavits and certified prisoner trust fund statements. Plaintiffs' failure to comply with this order will result in the recommendation that this action be dismissed.

DATED this 24th day of May, 2011.

_____
**GEORGE FOLEY, JR.**
**United States Magistrate Judge**